## SAMUEL H. RANDALL, Petitioner for *certiorari*.

The doings of the superior court removing an attorney from practice cannot be revised or corrected, after judgment, by this court on a writ of *certiorari*.

PETITION for a writ of *certiorari*, to quash the proceedings of the superior court in removing the petitioner from practice as an attorney at law. The petitioner set forth that no complaint or process in any form was filed against him, by reason of which omission the proceedings were illegal, and he accordingly at all times objected against them in the manner in which they appeared and were conducted before the court; and, for want of a legal record, he was deprived of his right to establish in this court his exceptions which were disallowed in that court. Notice of the pendency of the petition was served on the district attorney for the county of Suffolk, who appeared and answered orally, and the case was reserved by *Chapman*, J. for the determination of the whole court. This case was argued in March 1865.

*S. H. Randall, pro se.*

*H. F. French,* assistant district attorney, *contra.*

BIGELOW, C. J. We have not paused to consider the subject matter of the petitioner's complaint, because we are clearly of opinion that, if he has any cause of grievance arising out of the proceedings of the superior court, his remedy therefor is not by *certiorari;* and it would not be in our power to afford him redress by issuing the writ for which he asks. The superior court is clothed with general jurisdiction, both civil and criminal, and in nearly all its doings it proceeds according to the course of the common law. Any person aggrieved by any order, direction or ruling of the court in matters of law, or by a judgment thereof in matters of law apparent on the record, can obtain a revision of its proceedings by exceptions or appeal. Gen. Sts. *c.* 114, § 10 ; *c.* 115, § 7. The authority of the court over its officers and the power to remove an attorney for misconduct or malpractice, although conferred in express terms by Gen. Sts. *c.* 121, § 34, are nevertheless incident to all common law courts of general jurisdiction, and the proceedings in such cases are to be deemed to be taken according to the course of the common law

The authorities are decisive that the doings of an inferior court in relation to such a subject matter cannot be revised or corrected, after judgment, by this court on a writ of *certiorari*. This subject was examined fully by this court in *Cooke, petitioner*, 15 Pick. 234, and it was there held that after final judgment in a court of record, proceeding according to the course of the common law, a *certiorari* ought not to issue and that it is only where the court below is not a court of record or does not proceed according to the common law that a *certiorari* is a proper remedy to correct or revise the proceedings.

*Petition dismissed.*